UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24014-CIV-LENARD

**DAVID CITRON,**

      Plaintiff,

vs.

**NICHE MEDIA/OCEAN DRIVE MAGAZINE,**

      Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court on Plaintiff David Citron's ("Citron") Motion to Proceed *in forma pauperis* (D.E. 3), filed on November 5, 2010.

Upon plaintiff's submission of an affidavit of indigency in support of a motion to proceed without payment of the filing fee, a district court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B) to make certain the action is not frivolous, malicious or fails to state a claim for relief. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous if it "is without arguable merit either in law or in fact," *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2001), or if it describes "fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). If a court "finds from the face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless," the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and

require innocent parties to expend significant resources." *Williams v. Sec. for the Dept. Of Corrections*, 131 Fed. Appx. 682, 686 (11th Cir. 2005) (quotations and citations omitted). Section 1915(e)2(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) such that the Court can dismiss a complaint for failure to satisfy the standards of that Rule. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Here, in his handwritten Complaint (D.E. 1), filed on November 5, 2010, Citron alleges that Defendant Niche Media/Ocean Drive Magazine ("Defendant") discriminated against him due to his gender, in violation of Title VII of the Civil Rights Act, and due to his genetic information, in violation of the Genetic Information Nondiscrimination Act ("GINA") of 2008. (*See* Compl. at 2-3.) The entire Allegation of Jurisdiction/Statement of Facts is as follows:

> United States District Court, Southern District of Florida. A charge of discrimination was filed with the Equal Employment Opportunity Commission Miami District Office. "I am a Male. I applied for several positions" as a resident of the states of Florida and California. For many years unspecified specifically in this complaint I wasn't employed by "Respondent due to my gender/male and my genetic information." This information wasn't provided to the Respondent at any time in my interest of the publication as a magazine and an Internet content provider. "I was advised that there weren't any job openings and I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Genetic Information Nondiscrimination Act of 2008."

*Id.* at 2-3. In his request for relief, Citron writes: "I would be very interested in moving forward on my application to proceed in district court without prepaying fees or costs." (*Id.* at 4.) Citron attaches a letter from the EEOC, dated August 11, 2010, advising him of the steps to file a charge of discrimination and a signed EEOC Charge Form. (*Id.* at 5-6.) On the

Civil Cover Sheet, Citron adds: "I am uncertain in regard to it more than what is stated in the EEOC report, yet I believe it is a matter of employment and libel and housing accommodation." (Civil Cover Sheet, D.E. 1-1.)

A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Upon review of the Complaint, it appears that Citron attempts to allege a causes of action for hiring discrimination based on gender and cause of action under GINA.[1] Despite the less stringent standards for *pro se* complaints, the Court finds that Citron's Complaint fails to adequately state either claim.

Regarding Citron's hiring discrimination claim, the Court finds Citron is missing the rudimentary pleading requirements for this cause of action. Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Since Citron does not provide direct evidence of discrimination, his claim of illegal disparate treatment based on circumstantial evidence must be analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1978). Under *McDonnell Douglas*, the elements of a discrimination claim are (1) plaintiff belongs to a protected class; (2) plaintiff was qualified to do the job; (3) plaintiff was subjected to adverse employment action; and (4) plaintiff's potential employer treated

---

[1] The Court can find no further mention of Citron's claims for "libel" or "housing accommodation" and therefore will ignore these claims.

3

similarly situated individuals outside his class more favorably. *See id*.; *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Citron makes no efforts to plead any of the McDonnell Douglas elements. Drawing Plaintiff's inference, he nevertheless fails to allege the second and fourth elements of a hiring discrimination claim. *But see Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009) (courts may make reasonable inferences in a plaintiff's favor, but they are not required to draw plaintiff's inference). Accordingly, Citron's hiring discrimination claim shall be dismissed without prejudice.

Turning next to Citron's GINA claim, he fails to allege that Defendant required Citron to take a genetic test, that Defendant otherwise obtained Citron's genetic information or what specific genetic information Defendant discovered that led it to deny Citron employment. Nor does Citron allege when the alleged violation of GINA occurred. Since GINA expressly states that it did not take effect until eighteen months after its enactment (on May 21, 2008), any alleged violations taking place prior to November 21, 2009 shall not be actionable. *See* Pub. L. No. 110-233, § 213, 122 Stat. 881, 920 (2008). For these reasons, Citron's GINA claim shall be dismissed without prejudice.

Having reviewed the Complaint and the record and failing to find a basis for any of Citron's claims against Defendant Niche Media/Ocean Drive Magazine, the Court holds that Citron's Complaint must be dismissed without prejudice. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff David Citron's Complaint (D.E. 1) is **DISMISSED** without

prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff David Citron's Motion to Proceed *in forma pauperis* (D.E. 3) is **DENIED** as moot.

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of February, 2011.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**